```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

```
WILFREDO G. LORA,                §
                                 §
     Petitioner,                 §
                                 §
vs.                              §     No. 04-2922-B/P
                                 §
BRUCE PEARSON,                   §
                                 §
     Respondent.                 §
                                 §
```

```
      ORDER DENYING MOTION TO EXPEDITE AND FOR IMMEDIATE RELEASE
          ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
             ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                                  AND
                     NOTICE OF APPELLATE FILING FEE
```

Petitioner Wilfredo G. Lora, Bureau of Prisons ("BOP") inmate registration number 42980-083, an inmate at the Federal Correctional Institution in Memphis ("FCI-Memphis"), filed a pro se petition pursuant to 28 U.S.C. § 2241 on November 10, 2004 and paid the habeas filing fee. On December 27, 2005, Lora filed a motion to amend and correct his § 2241 motion, accompanied by a legal memorandum. It appeared that Lora sought to substitute his December 27, 2005 memorandum (Docket Entry ("D.E.") 3) for his original § 2241 petition (D.E. 1). The Court issued an order on September 27, 2006 that granted the motion to amend or correct and directed the Petitioner to advise the Court, within eleven days, whether he

intended to pursue the claim in his original petition about the BOP's refusal to reduce his offense severity level from "moderate" to "low." On October 3, 2006, Lora filed a response stating that he was relying on all of the issues raised in his original petition and in his amendment.

On March 23, 2006, Lora filed a motion to expedite, which is DENIED as moot in light of the issuance of this order. The March 23, 2006 motion also sought the Petitioner's temporary immediate release pending a ruling on the petition. As the petition has been dismissed, that motion is also DENIED as moot.

On October 28, 1998, a federal grand jury sitting in the Eastern District of Virginia returned a superseding indictment charging the inmate with conspiracy to possess and distribute five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. § 846. On January 12, 1999, Lora was convicted after a two-day jury trial.[1] District Judge Leonie M. Brinkema conducted a sentencing hearing on July 23, 1999, at which time the Petitioner was sentenced to two hundred ninety-two (292) months imprisonment, to be followed by a five-year period of supervised release.[2] Judge Brinkema also denied Lora's motion for

---

[1] The superseding indictment also included a forfeiture count, which was dismissed on motion of the Government on January 13, 1999.

[2] The docket sheet indicates that the sentencing judge denied a motion to amend the drug quantity.

a new trial on July 23, 1999. Judgment was entered on July 28, 1999. United States v. Lora, No. 1:98-cr-00358-LMB-4 (E.D. Va.).

Lora filed a notice of appeal after the entry of judgment and, on March 15, 2000, the United States Court of Appeals for the Fourth Circuit affirmed the denial of the Petitioner's motion pursuant to Fed. R. Crim. P. 33. United States v. Lora, No. 99-4559, 2000 WL 347101 (4th Cir. Mar. 15, 2000). The Supreme Court granted certiorari, vacated the Fourth Circuit decision, and remanded the case to the Court of Appeals for reconsideration in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Gonzalez Lora v. United States, 531 U.S. 1135 (2001) (No. 00-6354).[3] On remand, the Fourth Circuit held that, although the failure to submit the drug quantity to the jury was plain error, that error did not affect the inmate's substantial rights because the evidence introduced at trial on drug quantity was uncontested and overwhelming. United States v. Lora, 26 Fed. Appx. 149 (4th Cir. Dec. 13, 2001), cert. denied, 535 U.S. 1087 (2002).[4]

---

[3] On June 11, 2001, Lora filed a motion with the district court seeking release from custody pending the decision of the Fourth Circuit on remand. That motion was denied on June 14, 2001. In response to another motion filed by Lora, the judge issued an order on June 27, 2001 explaining the reasons for denial of bond. Lora filed a notice of appeal, and the Fourth Circuit affirmed in an unpublished decision. United States v. Lora, No. 01-4478 (4th Cir. July 25, 2001).

[4] In particular, the Fourth Circuit stated that "[o]ur review of the trial testimony discloses that Lora received more than 600 kilograms of cocaine—120 times the threshold amount necessary to sustain a sentence under 21 U.S.C. § 841(b)(1)(A)." 26 Fed. Appx. at 150; see also id. ("[A]lthough Lora objected to drug quantity at sentencing on the ground that the Government's witnesses did not provide specific amounts or dates for the drug transactions, Lora did not dispute that 'there [were] a lot of drugs floating around.'")
(continued...)

The Petitioner filed numerous other motions with the trial court challenging his conviction and sentence. On September 12, 2001, he filed another motion to dismiss the indictment or, in the alternative, for a new trial, which the district judge ordered, on September 18, 2001, that it be held in abeyance until the mandate was returned from the Court of Appeals. On October 4, 2001, Lora submitted a motion urging the district court to exercise jurisdiction over his new trial motion. Judge Brinkema issued an order on October 5, 2001 directing the Government to respond, which it did on October 17, 2001. Lora then filed a reply on November 23, 2001, accompanied by a factual affidavit. On December 14, 2001, Judge Brinkema denied Lora's motion to dismiss the indictment or, in the alternative, for a new trial. On January 3, 2002, Lora filed a motion for reconsideration, which was denied on January 4, 2002.

On January 7, 2002, Lora filed a motion to dismiss count one of the superseding indictment, the sole count on which he was convicted, pursuant to Fed. R. Crim. P. 12(b)(2). That motion was denied on January 9, 2002. He filed a notice of appeal of the December 14, 2001 and January 9, 2002 orders, and the Fourth Circuit affirmed. United States v. Lora, 32 Fed. Appx. 106 (4th Cir. Apr. 12, 2002), cert. denied, 537 U.S. 1037 (2002).

Notwithstanding his pending appeal of the issue, on January 24, 2002, Lora filed a motion for reconsideration of the

---

[4] (...continued)
(alteration in original).

order denying his motion to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b)(2). Judge Brinkema issued an order on February 7, 2002 that, inter alia, denied that motion. The inmate filed a notice of appeal on February 21, 2002, and Judge Brinkema issued an order on February 26, 2002 deeming the notice to be timely. The Fourth Circuit remanded the case for a determination whether the notice of appeal was timely. United States v. Lora, 47 Fed. Appx. 663 (4th Cir. June 19, 2002). On remand, Judge Brinkema issued an order on July 8, 2002 directing Lora to show cause why his notice of appeal was timely filed, to which he responded on July 15, 2002. Judge Brinkema issued an order on October 7, 2002 concluding that the notice of appeal was timely. The Fourth Circuit summarily affirmed the February 7, 2002 order and the other orders at issue. United States v. Lora, 62 Fed. Appx. 551 (4th Cir. May 15, 2003) (per curiam).

On June 20, 2002, Lora presented another motion seeking a new trial and a recusal motion. Judge Brinkema ordered, on June 24, 2002, the Government to respond, which it did on July 2, 2002. The Petitioner filed a reply on July 17, 2002, accompanied by, inter alia, a motion demanding that the judge publish her decision on the new trial and recusal motions. On August 2, 2002, he filed a motion asking the trial court to take judicial notice, pursuant to Fed. R. Evid. 201(d), of a purported fraud on the court. On August 5, 2002, Lora submitted a motion that appeared to combine

his pending motion to take judicial notice and his pending motion for a new trial. On August 13, 2002, Judge Brinkema issued an order that granted in part and denied in part the August 5, 2002 motion and denied the August 2, 2002 motion. On August 26, 2002, Lora filed motions to rescind orders issued after the submission of his recusal motion, for an expedited decision on the recusal motion, and for reconsideration of the August 13, 2002 order. On October 2, 2002, Judge Brinkema denied the recusal motion, the motion to publish, the motion to rescind, and the motion to expedite.

On October 17, 2002, Lora filed motions seeking reconsideration of the October 2, 2002 order, for release on bail pending resolution of his appeals, and for appointment of counsel. On November 6, 2002, he filed a memorandum concerning judicial notice and a new trial motion.[5] On November 18, 2002, Lora filed another memorandum concerning judicial notice and various other motions that were previously filed. The Petitioner, on December 4, 2002, filed motions to expedite the resolution of his pending motions and for judicial notice in light of the filing of a motion pursuant to 28 U.S.C. § 2255.[6] On December 13, 2002, he presented motions for dismissal of the indictment or, in the alterative, a new trial and another recusal motion. On February 4, 2003, Judge

---

[5] At that time, Lora had no pending motion pursuant to Fed. R. Evid. 201(d). It is not clear whether the motion pursuant to Fed. R. Crim. P. 33, filed on June 20, 2002, was pending.

[6] Lora did not file a § 2255 motion until May, 2003.

Brinkema issued an order denying each of these motions. The inmate filed a notice of appeal, and the Court of Appeals summarily affirmed. United States v. Lora, 73 Fed. Appx. 631 (4th Cir. Sept. 4, 2003) (per curiam).

On February 10, 2003, Lora filed a motion asking the court to take judicial notice of an adjudicative fact overlooked in the February 4, 2003 order. Three days later, he submitted a motion "requesting an affirmative answer" as to whether the statute of limitations applicable to § 2255 motions was tolled pending resolution of a civil lawsuit Lora had filed in another district. On March 7, 2003, Judge Brinkema issued an order denying every outstanding motion.

On March 25, 2003, Lora filed a motion to correct or alter the March 7, 2003 order and a motion urging the court to exercise jurisdiction over the previously filed motion pursuant to Fed. R. Crim. P. 12(b)(2) in light of the Supreme Court's decision in Clay v. United States, 537 U.S. 522 (2003). He also filed a motion to alter or amend the March 7, 2003 order and three motions pursuant to Fed. R. Evid. 201. Judge Brinkema denied these motions in orders issued on March 31, 2003 and April 1, 2003. The Petitioner appealed these orders, which was apparently consolidated with the appeal of the February 4, 2003 order. The Fourth Circuit affirmed. United States v. Lora, 73 Fed. Appx. 631 (4th Cir. Sept. 4, 2003) (per curiam).

On April 14, 2003, Lora filed a motion seeking the certification of a judicial question. That motion was denied on April 18, 2003.

On May 22, 2003, Lora moved, pursuant to 28 U.S.C. § 2255, along with other various motions, for the trial judge to take judicial notice. Lora contends that he raised various Apprendi issues in his § 2255 motion.[7] On June 4, 2003, he submitted another pleading asking the judge to take judicial notice. That motion was denied by order of June 9, 2003, to which he requested reconsideration on June 20, 2003. Judge Brinkema denied the § 2255 motion, and all the various associated motions, on August 7, 2003. According to Lora, the denial of his Apprendi issues was based on the law of the case doctrine.[8] The Petitioner sought reconsideration and an application for a certificate of appealability, which were denied on September 23, 2003 and November 19, 2003, respectively. The Fourth Circuit denied a certificate of appealability. Lora v. United States, 103 Fed. Appx. 731 (4th Cir. July 16, 2004), cert. denied, 543 U.S. 1174 (2005).

On January 22, 2004, Lora filed an amendment to his § 2255 motion, which he contended "related back" to the original filing date. Judge Brinkema issued an order on January 29, 2004 that, inter alia, denied that motion. The inmate filed a motion for

---

[7]   D.E. 3 at 8.

[8]   D.E. 3 at 8-9.

reconsideration on February 12, 2004, which was denied on February 24, 2004. He then appealed and the Fourth Circuit denied a certificate of appealability and denied leave to file a second or successive § 2255 motion. Lora v. United States, 112 Fed. Appx. 291 (4th Cir. Nov. 4, 2004) (per curiam).

On April 1, 2005, Lora submitted another § 2255 motion. On July 6, 2006, he filed a motion to take judicial notice and, on October 3, 2005, a motion to expedite. Judge Brinkema denied these motions on November 1, 2005 and Lora filed a motion pursuant to Fed. R. Civ. P. 59(e) on November 21, 2005.

On November 28, 2005, he filed a recusal motion, which was denied on January 25, 2006. On April 26, 2006, the Fourth Circuit dismissed Lora's appeal of that order for failure to prosecute. United States v. Lora, No. 06-6312 (4th Cir.).

On January 18, 2006, Lora filed a motion to amend the records pertaining to his original § 2255 motion. On March 23, 2006, he filed a motion to vacate his criminal judgment pursuant to Fed. R. Civ. P. 60(b)(4), another motion to amend the records pertaining to his original § 2255 motion, and a motion to expedite. On July 5, 2006, the Petitioner submitted another motion to expedite, a motion to correct the judgment pursuant to Fed. R. Civ. P. 12(b)(6), and a motion seeking dismissal of the indictment for violation of the Speedy Trial Act. Judge Brinkema denied all of these motions on August 9, 2006. That order also imposed

restrictions on Lora's filing privileges, including a requirement that he seek leave from the Fourth Circuit before any additional § 2255 motion may be docketed. Petitioner submitted a motion raising a constitutional challenge to the August 9, 2006 order, which was docketed as a notice of appeal and transmitted to the Fourth Circuit. That appeal, Fourth Circuit case no. 06-7588, is pending.

In his original § 2241 petition, which was filed on November 10, 2004, Lora complains that, for purposes of determining his custody level, the BOP classified his offense as being of "moderate" severity. Pursuant to BOP Program Statement 5100.07, the severity of a prisoner's drug offense is determined by reference to the drug quantity. Petitioner contends that, because the issue of drug quantity in his case was not submitted to the jury as required by Apprendi, the BOP is required to classify his offense as being of "low" severity. Lora filed a request for administrative remedy asking the BOP to correct its records, and he appealed the denial of that request to the highest available level within the BOP.

In his amendment, which was filed on December 27, 2005, the inmate seeks to challenge his conviction and sentence in light of Apprendi.[9] In particular, he apparently seeks an order directing his sentencing judge to alter the judgment to delete the references to drug quantity. See D.E. 2 at 4. The Court will address the issue

---

[9] The memorandum in support of Lora's December 27, 2005 amendment makes clear that he is not seeking relief under Blakely v. Washington, 543 U.S. 296 (2004), or United States v. Booker, 543 U.S. 220 (2005). See D.E. 3 at 10 n.3.

10

raised in the amendment before turning to the issue concerning the prisoner's custody level.

Habeas corpus would be available to the inmate if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977). "Section 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77; cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). For federal prisoners seeking habeas-type relief, the only remedy is through a motion to vacate pursuant to 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997).

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The petitioner carries the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756.

The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . , or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . , or because the petitioner has been denied permission to file a second or successive motion to vacate.

Charles, 180 F.3d at 756; see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). Furthermore, the § 2255 remedy is not inadequate or ineffective merely because, as here, the one-year statute of limitations has expired. Charles, 180 F.3d at 758.

Subsequent to the decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances under which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. . . . As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

12

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758)).[10]

To obtain relief pursuant to 28 U.S.C. § 2241, the habeas petitioner must be "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also Peterman, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." Gesuale v. Sanders, 63 Fed. Appx. 875, 876 (6th Cir. May 14, 2003); see also Bousley v. United States, 523 U.S. 614, 623 (1998).

Lora is not entitled to relief pursuant to Apprendi in this § 2241 petition for several reasons. First, this claim goes to

---

[10] See also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' . . . That does not mean that he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.") (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

the imposition of his sentence rather than its execution, making it inappropriate for a § 2241 petition. See supra p. 11. Moreover, in this case the Fourth Circuit considered the Apprendi issue on direct appeal, holding that the failure to submit the drug quantity to the jury did not affect Lora's substantial rights. See supra p. 3.

Second, the Sixth Circuit has held that a claim under Apprendi cannot be raised in a § 2241 petition. Bannerman v. Snyder, 325 F.3d 722, 723-24 (2003). The Sixth Circuit explained that "[a] challenge to a sentence based on Apprendi cannot be the basis for an actual innocence claim under Martin [v. Perez]." Id. at 724. The decision in Bannerman requires this Court to deny relief on the Apprendi issue.

In his original § 2241 motion, Lora challenged the BOP's decision to consider, for custody classification purposes, the drug quantity contained in the criminal judgment. As previously noted, Petitioner's challenge to that agency decision is based on Apprendi. As Lora's numerous Apprendi challenges to his criminal judgment have been rejected on the merits, it appears that the BOP is relying on a valid criminal judgment. This issue is without merit.

Because Lora is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained

14

is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[11] Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether those requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts

---

[11] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the Prison Litigation Reform Act of 1995 ("PLRA") do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. United States Parole Comm'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'q Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions. Cf. Greene v. Tennessee Dep't of Corrections, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

The Sixth Circuit has held that the PLRA, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade, 117 F.3d at 951. Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that

16

a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the reasons previously discussed, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 13th day of October, 2006.

s/J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

17