IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| WILFREDO G. LORA,<br><br>    Petitioner,<br><br>vs.<br><br>BRUCE PEARSON,<br><br>    Respondent. | No. 04-2922-B/P |

ORDER DENYING MOTIONS FOR RECONSIDERATION

On November 10, 2004, Petitioner Wilfredo G. Lora, Bureau of Prisons inmate registration number 42980-083, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2241 and paid the habeas filing fee. (Docket Entry ("D.E.") 1.) On December 27, 2005, Lora filed a motion to amend and correct his § 2241 motion, accompanied by a legal memorandum. (D.E. 3.) Because it appeared from the text of the December 27, 2005 submission that Lora sought to substitute his December memorandum for his original § 2241 petition, the Court issued an order on September 27, 2006 that granted the motion to amend or correct and directed Petitioner to advise the Court, within eleven days, whether he intended to pursue the claim in his original petition. (D.E. 5.) On October 3, 2006, Lora filed a

response stating his intent to pursue all issues raised in his original petition and in his amendment. (D.E. 6.) The Court issued an order on October 13, 2006 that, <u>inter alia</u>, denied the petition and certified that an appeal would not be taken in good faith. (D.E. 7.) Judgment was entered on October 19, 2006. (D.E. 8.)

On October 25, 2006, Lora filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). (D.E. 11.)[1] On April 16, 2007, Petitioner filed a motion for reconsideration, pursuant to Fed. R. Civ. P. 60(b)(1), supported by his affidavit. (D.E. 12 & 13.)

With respect to the motion filed on October 25, 2006, a party should be afforded relief from a judgment pursuant to Fed. R. Civ. P. 59(e) under only limited circumstances:

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of

---

[1] For reasons that are unclear, the Clerk did not docket this motion when it was received. The motion was located, and docketed as of the date received, after the Clerk received letters from Lora on March 7, 2007 and April 2, 2007 inquiring about its status.

> the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)(footnotes omitted); see Nagalingam v. Wilson, Sowards, Bowling & Costanzo, No. 00-5453, 2001 WL 493392, at *2 (6th Cir. May 1, 2001).

In this case, Lora contends that reconsideration is required to correct a clear error of law and prevent a manifest injustice. Contrary to his apparent assumption (D.E. 11 at 3), the Court did not overlook the twofold nature of his claim under Apprendi v. New Jersey, 530 U.S. 466 (2000). The Court was aware, when it denied this § 2241 petition, of the decision of the Fourth Circuit on direct appeal and the fact that Lora's § 2255 motion, which raised an Apprendi issue, was denied. Lora has presented no evidence that any judge in the Eastern District of Virginia has held that the § 2255 remedy was inadequate or ineffective in his case and that he is entitled to relief under § 2241. Instead, Lora has repeated arguments, which have already been made at length before this Court, in the Eastern District of Virginia, and in the Fourth Circuit, that he is entitled to relief under Apprendi. This Court is bound by the decision in Bannerman v. Snyder, 325 F.3d 722, 723-24 (2003), that an Apprendi claim cannot be raised in a petition pursuant to 28 U.S.C. § 2241. This aspect of Lora's motion is without merit.

Next, Lora asserts that his challenge to his classification level concerns the execution of his sentence. (D.E. 11 at 3.) The Court addressed Lora's challenge to his BOP classification level in the dismissal order (D.E. 7 at 10, 14), which held that the BOP is entitled to rely on a valid criminal judgment (id. at 14). Lora's argument to the contrary is an improper attempt to relitigate a matter that was previously before the Court.

For all the foregoing reasons, the Court DENIES the motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).

On April 16, 2007, Petitioner filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(1), along with a supporting affidavit. These documents does not raise any new issues but, instead, question why his motion pursuant to Fed. R. Civ. P. 59(e) was not timely docketed. As previously stated, see supra p. 2 n.2, the Clerk neglected to docket the motion when it was received but, in response to his letters, it was located and filed as of the date received. Nothing in the April 16, 2007 filings provide any reason for relief from the judgment entered in this case on October 19, 2006, as the filings only question actions

4

taken by Clerk's office staff after entry of judgment. The motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(1) is DENIED.

IT IS SO ORDERED this 20th day of September, 2007.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE